# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MUNFORD PAUL WILSON,

    Petitioner,

v.

J. GASTELO, Warden,

    Respondent.

Case No. ED CV 19-759 JAK (MRW)

**ORDER DISMISSING HABEAS ACTION WITH PREJUDICE**

The Court dismisses this habeas action with prejudice for failure to prosecute and for failure to respond to Court orders.

\* \* \*

1. This is a habeas action involving a state prisoner. In February 1997, a state court jury found Petitioner guilty of first degree residential burglary. The trial court found that Petitioner had two prior felony convictions that qualified as strikes under the state's Three Strikes law. The court sentenced Petitioner to an indeterminate term of 35-years-to-life in prison.

2. In 2016, Petitioner sought resentencing in state court based on the enactment of Proposition 36. The state superior court denied the request. The state appellate court affirmed the trial court's decision. Petitioner apparently did not seek review of the matter in the state supreme court.

3. Instead, he filed this habeas action in federal court. The petition alleged several related claims regarding the denial of resentencing and parole under Proposition 36. (Docket # 1-3.)

4. In July 2019, the California Attorney General moved to dismiss the case on mootness, timeliness, and exhaustion grounds. (Docket # 13.) Magistrate Judge Wilner ordered Petitioner to respond to the motion or take other appropriate action by August 30, 2019. (Docket # 16.)

5. Petitioner did not respond to the Attorney General's motion or the Court's order. Judge Wilner then issued an order to show cause why the action should not be dismissed. (Docket #17.) The order advised Petitioner that, if he failed to respond timely to the Court's inquiry, "the action will be dismissed [ ] under Federal Rule of Civil Procedure 41(b) for failure to prosecute the action." Petitioner did not respond to the Court's OSC.

\* \* \*

6. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Dietz v. Bouldin, ___ U.S. ___, 136 S. Ct. 1885, 1892 (2016).

7. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the

court's need to manage its docket, and to avoid the risk of prejudice to defendants. Additionally, a court must consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 890 (9th Cir. 2019); Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).

8. In the present action, dismissal is appropriate. Petitioner did not respond to the Attorney General's original dismissal motion or two orders regarding this action. The Magistrate Judge expressly advised Petitioner that he risked the dismissal of this case if he did not act. Petitioner's failure to respond to the Court's orders is construed as his having no interest in advancing the action here.

9. By contrast, the Court, the state, and the public have a strong interest in terminating this action. Further, Petitioner effectively abandoned his case by not responding to the Court's orders or the Attorney General's dismissal motion in the action. Finally, because Petitioner is a self-represented litigant who did not comply with the Court's recent order, no sanction other than dismissal will be effective in resolving this case. Applied Underwriters, 913 F.3d at 890.

///

10. Dismissal is appropriate under Rule 41(b). Accordingly, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: November 19, 2019

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE